# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-0054V
(not to be published)

| | |
|---|---|
| ANDREA H. OLSON,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: February 24, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates; Administrative Time |

*Rhonda Lorenz-Pignato*, Shannon Law Group, PC, Woodbridge, IL, for Petitioner.

*Emily H. Manoso*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

      On January 5, 2021, Andrea Olson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of a Tdap vaccine she received on August 28, 2020. Petition at 1. On November 16, 2022 a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 38.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 28, 2022 (ECF No. 44), requesting a total award of $42,596.68 (representing $41,447.20 in fees and $453.66 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 3. Respondent reacted to the motion on December 30, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 46. On December 30, 2022, Petitioner indicted in a filing that she does not intend to offer a substantive reply. ECF No. 47.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner requests compensation for his attorney, Rhonda Lorenz-Pignato, at the following rates: $ 415 per hour for time billed in 2020; $440 per hour for 2021; and $454 for time in 2022. ECF No. 44 - 2 at 1 - 31. The requested rates have been previously awarded for this attorney's work, and will be awarded in this matter as well.

B. <u>Paralegal Tasks at Attorney Rates</u>

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

It appears counsel performed a number of paralegal tasks, including but not limited to:

- December 30, 2020 (0.20 hrs) "Prepare a draft of the court's Cover Sheet to prepare them for filing";

- January 4, 2021 (0.20 hrs) "Finalize all exhibits of medical records for filing";

- March 5, 2021 (0.10 hrs) "Finalize memo listing of client's medical providers with information provided from client in her email";

- March 17, 2021 (0.10 hrs) "Prepare records from Flourish Health to be used and an exhibit, and listing in new exhibit list, but combining all records into one file, labeling and bates stamping";

- March 29, 2021 (0.10 hrs) "Prepare records received from Northwest Rehab to file as an exhibit, by labeling same and bates stamping, to add as volume II"; and

- April 5, 2021 (0.10 hrs) "Finalize the Updated Exhibit list for filing."

ECF No. 44 – 2 at 20, 22, 24, 25, and 28.

Because the Program does not reimburse such tasks at attorney-rate levels, I shall reduce the rate for these tasks to the following: $163 per hour for 2020, $172 per hour for 2021; and $177 per hour for 2022. These rates are comparable to what a paralegal would receive. This reduces the amount of fees to be awarded by **$1,772.40**.[3]

### C. Administrative Tasks

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.9 hours was billed on tasks considered administrative including, internal auditing of file, mailing documents and confirming attorney billing rates. Examples of such administrative tasks include:

- December 6, 2021 (0.10 hrs) "Preformed audit of case. Updated Medical Record Assignment spreadsheet to assign client case to staff for medical record retrieval. ; Updated Audit for Status of Medical Record to note staff assigned:'

- December 28, 2021 (0.10 hrs) "Update Audit for 2022 Q1 Caccnie Injury Case List to include filing date for Statement of Completion in order to determine & track progress of case"; and

- March 11, 2022 (0.10 hrs) "Updated Medical Record Assignment spreadsheet to assign client case to staff for medical record retrieval."

ECF No. 44-2 at 2 and 13.

---

[3] This amount is calculated as follows: ($415 - $163 = $252 x 0.90hrs= $226.80) + ($440 - $172 = $268 x 3.7 hrs = $991.60) + ($454 - $177 = $277 x 2 hrs = $554.00) = $1,772.40.

      Because the Program does not reimburse such administrative tasks, I will reduce the amount of fees to be awarded by **$104.70**.[4]

## ATTORNEY COSTS

      Petitioner requests $453.66 in overall costs. ECF No. 44 at 2. This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall therefore award them in full.

## CONCLUSION

      The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's Motion for attorney's fees and costs. I award a total of **$40,023.76** (representing $39,570.10 in fees and $453.66 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Shannon Law Group, P.C. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

                                                   **s/Brian H. Corcoran**
                                                   Brian H. Corcoran
                                                   Chief Special Master

---

[4] This amount consists of ($172 x 0.30 hrs = $51.60) + ($177 x 0.30 hrs = $53.10) = $104.70.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.